

**SO ORDERED.**

**SIGNED this 27 day of February, 2008.**

_____
**A. Thomas Small**
**United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

| | |
|---|---|
| IN RE: | CASE NO. |
| **BERNICE M. BROWN** | **06-02182-5-ATS** |
|     **DEBTOR** | |
| | |
| **BERNICE M. BROWN** | |
|     Plaintiff | ADVERSARY PROCEEDING NO. |
|     v. | **S-07-00108-5-AP** |
| **HOMECOMINGS FINANCIAL, LLC**, as agent for JPMorgan Chase Bank, N.A., JPMorgan Chase as Trustee for Doe Corporation, **CONCORDE ACCEPTANCE CORPORATION, GREEN TREE SERVICING, LLC, KEY TITLE, LLC** a/k/a **SOUTHERN TITLE CORPORATION, JOSEPH KOSKO, P.A.** in his capacity as closing attorney, **PAMELA HAIRE THOMAS, JAMES EARL HAIRE, MILDRED B. HAIRE**, and **SHAPIRO & INGLE, LLC** | |
|     Defendants. | |

**ORDER ALLOWING IN PART AND DENYING IN PART**
**MOTION FOR LEAVE TO AMEND COMPLAINT**

The matter before the court is the plaintiff's motion for leave to amend her complaint. A hearing took place in Raleigh, North Carolina on February 26, 2008.

Bernice M. Brown filed a petition for relief under chapter 13 of the Bankruptcy Code on December 31, 2006. On October 2, 2007, Ms. Brown filed the complaint in this adversary proceeding alleging damages arising from a real estate transaction in which Ms. Brown purchased a mobile home and land in Harnett County, North Carolina. On January 7, 2008, Ms. Brown filed a motion for leave to amend the complaint "for the purposes of conforming the Plaintiff's allegations to information uncovered and determined since the filing of the Complaint, adding a party and to dismiss, narrow and clarify certain of Plaintiff's claims." Among the proposed amendments is the addition of Robert J. McManus & Associates, Inc. ("McManus") as a defendant. McManus objected to the motion, contending that the statute of limitations has expired and amending the complaint to add claims against McManus would be futile. An objection was also filed by Green Tree Servicing, but Green Tree did not appear at the hearing to prosecute its objection.

The amended complaint adds causes of action against McManus for "Misrepresentation, Fraud, Professional Negligence [and] Gross Negligence." Amended Complaint at 18. The factual allegations provide that McManus represented in an "Appraiser's Manufactured Housing Checklist" dated October 1, 2003, that "the subject mobile home had been converted from personal property to real property in that (a) the mobile home was permanently affixed on a concrete or masonry perimeter with concrete or masonry footings; and (b) the presence of a foundation system typical and acceptable in the subject's marketplace[,]" when, in fact, the mobile home was not permanently affixed to the realty and the appropriate foundation system did not exist. Amended Complaint at 18, ¶¶ 118-119. Ms. Brown contends that because the original complaint included a description of the

appraiser's report and checklist, including the erroneous findings that the mobile home was permanently affixed to the real estate, that the amended complaint relates back to the filing of the original complaint on October 2, 2007. Though not alleged in the complaint, Ms. Brown also contended at the hearing that McManus was not paid until the real estate transaction closed in November 2003, bringing the original complaint within the maximum 4-year statute of limitations for professional negligence.[1] Finally, she notes that her claims for common law fraud were filed well within the applicable 10-year statute of limitations.[2]

The first question for the court is whether the statute of limitations expired before the original complaint was filed. Though the proposed amended complaint alleges only that McManus prepared a report dated October 1, 2003, there may be some question as to when his last act occurred that could be learned through discovery, and the court will therefore look at the question with the most possible deference to the plaintiff and assume, without finding, that the original complaint may have been filed within 4 years of the last act of McManus.

---

[1] North Carolina General Statute § 1-15(c) establishes a 3-year statute of limitations for professional negligence, with an additional one-year extension where the injury is discovered more than two years after the last act, but "in no event shall an action be commenced more than four years from the last act of the defendant giving rise to the cause of action." Though McManus contends that Ms. Brown knew or should have known of the problem with the title of the mobile home in question when she was served with a claim and delivery action on December 28, 2005, thereby extending the statute of limitations to at most December 28, 2006, for purposes of this motion, the court assumes that a full 4-year period from the last alleged act of McManus applies to Ms. Brown's negligence claims.

[2] The plaintiff cited no authority to support her assertion that common law fraud is governed by a 10-year statute of limitations. North Carolina General Statute § 1-52(9) clearly sets forth a 3-year statute of limitations "for relief on the ground of fraud or mistake; the cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake."

The second question is whether the amended complaint may relate back to the filing of the original complaint on October 2, 2007. Ms. Brown relies on Rule 15(c)(2) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7015 of the Federal Rules of Bankruptcy Procedure. That rule provides for relation-back when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading," but that rule applies only with respect to parties who were parties in the original complaint.

> Rule 15(c)(3) provides that an amendment relates back when
>
> the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have know that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Rule 15(c)(3), Fed. R. Civ. P. Ms. Brown contends that this rule does not apply, because she is not substituting a party, but is instead adding a party. She may be correct, but if so, there is no provision of Rule 15 that would allow the complaint to relate back.

"[A] conscious choice to sue one party and not another does not constitute a mistake and is not a basis for relation back. This result is also justified on the grounds that, when the plaintiff sues one possible defendant but not another, the second defendant has no reason to believe that it was an intended party." 3 James William Moore, Moore's Federal Practice § 15.19[3][d] at 15-94.2 - 94.3 (3rd ed. 2007) (citing Nelson v. Adams USA, Inc., 529 U.S. 460, 467 n.1, 120 S. Ct. 1579 (2000) ("the instant case does not fall under Rule 15(c)(3), which deals with amendments that change the party or the name of the party against whom the claims are asserted. That subsection

4

applies only in cases involving 'a mistake concerning the identity of the proper party.' Fed. Rule Civ. P. 15(c)(3)(B). Respondent Adams made no such mistake. It knew of Nelson's role and existence and, until it moved to amend its pleadings, chose to assert its claim for costs and fees only against OCP.")). Thus, if Rule 15(c)(3) does not apply, there is no provision of the Federal Rules of Civil Procedure that would allow the amended complaint to relate back with respect to McManus.

Alternatively, if Rule 15(c)(3) does apply, the Moore's analysis is instructive.

> Courts generally allow the relation back of amendments to add claims more freely than amendments to add parties. For a court to grant an amendment adding defendants, the following requirements must be satisfied:
> - The claim or defense asserted in the amended pleading must arise from the conduct, transaction, or occurrence advanced in the initial pleading (citations omitted).
> - The new party named in the amended pleading must have received adequate notice so as not to be prejudiced (citations omitted).
> - The new party must have known or should have known that the action would have been brought against the named party but for the mistake (citations omitted).
> - The notice and "should have known" factors must be satisfied within the period prescribed for service of process (citations omitted).

Moore's Federal Practice § 15.19[3][a] at 15-89 - 90.

The claim does arise from the same transaction described in detail in the original complaint, but Ms. Brown did not present any information regarding whether McManus knew or should have known of the pending litigation. Another timing factor is at issue here as well. Rule 15(c)(3) provides that the new party must receive notice of the institution of the action within the time for service of the summons and complaint provided in Rule 4(m), which is 120 days from the filing of the original complaint. The complaint was filed on October 2, 2007, and 120 days expired on January 30, 2008. The only information the court has regarding when McManus learned of the action is in its objection to the motion for leave to amend, which provides that "McManus received

5

Plaintiff's Motion for Leave to Amend Complaint, proposed Amended Complaint, and the original Complaint and Summons on or about January 31, 2008." Objection at 1, ¶ 1.  Ms. Brown did not offer any evidence or argument that McManus had any notice of the pending action before January 31, 2008, or that McManus could have been aware that it was a possible defendant in the action.

Under either analysis, the court finds that the amended complaint does not relate back with respect to McManus.  Accordingly, amending the complaint to add claims against McManus for which the statute of limitations expired prior to January 7, 2008, would be futile, and the motion for leave to amend will be denied with respect to the negligence claims.  However, because there is no allegation related to the discovery of the alleged fraud, the court does not have sufficient information to determine whether the statute of limitations has expired with respect to the common law fraud claims, and the motion for leave to amend will be allowed to assert a common law fraud claim against McManus.  The court does not address whether the allegations of fraud are sufficient to withstand a motion to dismiss pursuant to Rule 12(b)(6), made applicable to this proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure.

Green Tree Servicing objected to the motion because exhibits referenced within the proposed amended complaint were not attached to the amended complaint appended to the motion for leave. Green Tree did not appear at the hearing to prosecute its objection, and Ms. Brown indicated that if leave to amend is allowed, she will attach the exhibits in a legible and organized manner to the amended complaint to be served on the parties.  Accordingly, Green Tree's objection will be denied.

Based on the foregoing, the motion for leave to amend the complaint is **ALLOWED**, except that the motion for leave is **DENIED** with respect to claims for negligence and gross negligence asserted against McManus.

**SO ORDERED.**

**END OF DOCUMENT**